IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIGHT TRANSFORMATION TECHNOLOGIES LLC | |
| v. | Civil Action No. _____ |
| ANDERSON CUSTOM ELECTRONICS, INC.; DIALIGHT CORPORATION; DIGI-KEY CORPORATION; DIGI-KEY INTERNATIONAL SALES CORPORATION; FRAEN CORPORATION; FRAEN SRL HOLDING COMPANY; FUTURE ELECTRONICS CORP.; LED LIGHTING SUPPLY LLC; LEDDYNAMICS, INC. d/b/a LED SUPPLY; MARUBENI AMERICA CORPORATION; OSRAM  SYLVANIA, INC.; PHILIPS LUMILEDS LIGHTING COMPANY LLC; PHILIPS SOLID-STATE LIGHTING SOLUTIONS d/b/a PHILIPS COLOR KINETICS; and VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC. | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Light Transformation Technologies LLC submits this Complaint against Anderson Custom Electronics, Inc.; Dialight Corporation; Digi-Key Corporation; Digi-Key International Sales Corporation; Fraen Corporation; Fraen SRL Holding Corporation; Future Electronics Corp.; LED Lighting Supply Company LLC; LEDdynamics, Inc. d/b/a LED Supply; Marubeni America Corporation; Osram Sylvania, Inc.; Philips Lumileds Lighting Company LLC; Philips Solid-State Lighting Solutions

d/b/a Philips Color Kinetics; and Volkswagen Group of America, Inc. d/b/a Audi of America, Inc. (collectively "Defendants").

## PARTIES

1.      Light Transformation Technologies LLC ("LTT" or "Plaintiff") is a Texas limited liability company with a place of business at 6136 Frisco Square Blvd., 4th Floor, Frisco, Texas 75034.

2.      On information and belief, Anderson Custom Electronics, Inc. ("ACE") is an Indiana corporation with a place of business at 2007 Walnut Street, Anderson, Indiana 46016. ACE has appointed Todd D. Utley as its agent for service of process, and such agent may be served at 2009 Walnut Street, Anderson, Indiana 46016.

3.      On information and belief, Dialight Corporation ("Dialight") is a Delaware corporation with a place of business at 1501 Route 34 South, Farmingdale, New Jersey 07727. Dialight has appointed CT Corporation as its agent for service of process, and such agent may be served at 1 North Capital Avenue, Indianapolis, Indiana 46204.

4.      On information and belief, Digi-Key Corporation ("Digi-Key") is a Minnesota corporation with a place of business at 701 Brooks Avenue South, Thief River Falls, Minnesota 56701.  Digi-Key Corporation may be served with process by serving its Chief Executive Officer, Ronald A. Stordahl, at 701 Brooks Avenue South, Thief River Falls, Minnesota 56701.

5.      On information and belief, Digi-Key International Sales Corporation ("Digi-Key International") is a Minnesota corporation with a place of business at 701 Brooks Avenue South, Thief River Falls, Minnesota 56701.  Digi-Key International may be served with process by serving its Chief Executive Officer, Ronald A. Stordahl, at 701 Brooks Avenue South, Thief River Falls, Minnesota 56701.

6.     On information and belief, Fraen Corporation ("Fraen Corp.") is a Massachusetts corporation with a place of business in Reading, Massachusetts.  Fraen Corp. has appointed John H. Kimball, Jr. as its agent for service of process, and such agent may be served at 590 Main St., Lynnfield, Massachusetts 01940.

7.     On information and belief, Fraen SRL Holding Corporation ("Fraen SRL") is a Delaware corporation with its principal office in 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Fraen Holding has appointed John H. Kimball, Jr. as its agent for service of process, and such agent may be served at 590 Main St., Lynnfield, Massachusetts 01940.  Fraen Corp. and Fran SRL will be collectively referred to as "the Fraen Defendants."

8.     On information and belief, Future Electronics Corp. ("Future Corp.") is a Massachusetts corporation with place of business within this district at 2301 West Plano Parkway, Suite 215, Plano, Texas   75075.  Future Corp. has appointed Corporation Service Company as its agent for service of process, and such agent may be served at 84 State Street, Boston, Massachusetts  02109.

9.     On information and belief, LED Lighting Supply Company ("LED Lighting") is a Georgia limited liability company with a place of business in Duluth, Georgia.  LED Lighting has appointed Carl J. Earhardt as its agent for service of process, and such agent may be served at 3343 Peachtree Road, #1600, Atlanta, Georgia 30326.

10.     On information and belief, LEDdynamics, Inc. d/b/a LED Supply ("LED Supply") is a Delaware corporation with a place of business at 44 Hull Street, Randolph, Vermont 05060.  LED Supply has appointed William McGrath as its agent for service of process, and such agent may be served at 44 Hull Street, Randolph, Vermont 05060.

11.     On information and belief, Marubeni America Corporation ("Marubeni") is a New York Corporation with a place of business at 375 Lexington Avenue, New York, New York 10017.  Marubeni has appointed C T Corporation System as its agent for service of process, and such agent may be served at 350 N. St. Paul Street, Dallas, Texas  75201.

12.     On information and belief, Osram Sylvania, Inc. ("Sylvania") is a Delaware corporation with a place of business at 100 Endicott Street, Danvers, Massachusetts 01923. Sylvania has appointed C T Corporation System as its agent for service of process, and such agent may be served at 155 Federal Street, Suite 700, Boston, Massachusetts  02110.

13.     On information and belief, Philips Lumileds Lighting Company LLC ("Philips Lumileds") is a Delaware with a place of business at 370 West Trimble Road, San Jose, California 95131.  Philips Lumileds has appointed Corporation Service Company as its agent for service of process, and such agent may be served at 1560 Broadway, Suite 2090, Denver, Colorado  80202.

14.     On information and belief, Philips Solid-State Lighting Solutions d/b/a Philips Color Kinetics ("Philips Color Kinetics") is a Delaware Corporation with a place of business at 10 Milk Street, Suite 1100, Boston, Massachusetts  02108.  Philips Color Kinetics has appointed Corporation Service Company as its agent for service of process, and such agent may be served at 84 State Street, Boston, Massachusetts  02109.

15.     On information and belief, Volkswagen Group of America, Inc. d/b/a Audi of America, Inc. ("Audi") is a New Jersey corporation with a place of business at 3800 Hamlin Road, Auburn Hills, Michigan 48326.  Audi has appointed C T Corporation System as its agent for service of process, and such agent may be served at 350 N. St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

16.    This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.  On information and belief, within this district Defendants, directly and/or through intermediaries, have advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or have induced the sale and use of infringing products.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas.

17.    Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case.  Without limitation, within this district Defendants, directly and/or through intermediaries, have advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or have induced the sale and use of infringing products.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,543,911

18.    LTT is the exclusive licensee under United States Patent No. 6,543,911 ("the '911 Patent") entitled "Highly Efficient Luminaire Having Optical Transformer Providing Precalculated Angular Intensity Distribution and Method Therefore."  The '911 Patent was duly

and legally issued on April 8, 2003.  A true and correct copy of the '911 Patent is attached as Exhibit A.

19.     As exclusive licensee, LTT holds all substantial rights in and to the '911 Patent, including, without limitation, the exclusive right and license to make, have made, use, import, offer to sell, and sell products or services covered by the '911 Patent, the exclusive right to grant sublicenses, to sue for and collect past, present and future damages, and the exclusive right to seek and obtain injunctive relief or any other relief for infringement of the '911 Patent.

20.     On information and belief, Defendant ACE has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising using, selling, offering for sale, and importing into the United States lenses designed for use with various manufacturers' light emitting diodes ("LEDs"), including, without limitation, the Ledil Oy LC-1-RS, LD-1-RS, LE-1-RS, LO-1-RS, LR-1-RS, LZ-1-RS,  CRS-RS, NIS083-RS, OSS-RS, K2S-RS, CXP-RS, RES-RS, LN2-RS, LXP-RS, NIS036-RS and Iris  model lenses. Defendant ACE is thus liable for infringement of the '911 Patent pursuant to 35 U.S.C. § 271.

21.     On information and belief, Defendant Dialight has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling, and offering for sale lenses for use with various manufacturers' LEDs, including, without limitation, the OP-005, OPC1-1-SPOT, OPXP-1-SPOT, OP2-1-003, OPTX-1-006, OPGD-1-002, OPK2-3-006, and OPGD-3-006 model

lenses. Defendant Dialight is thus liable for infringement of the '911 Patent pursuant to 35 U.S.C. § 271.

22.     On information and belief, Digi-Key has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling, offering for sale, and importing into the United States lenses designed for use with various manufacturers' LEDs, including, without limitation, the Ledil Oy OSS-RS, LD1-RS, LXP-RS, CXP-RS, LC1-RS, LO1-RS, CRS-RS and Iris model lenses and the Dialight OP-005, OPGD-1-002, OPK2-1-003, OPK2-3-006 and OPTX-1-006 model lenses. The Digi-Key is thus liable for infringement of the '911 Patent pursuant to 35 U.S.C. § 271.

23.     On information and belief, Digi-Key International has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling, offering for sale, and importing into the United States lenses designed for use with various manufacturers' LEDs, including, without limitation, the Ledil Oy OSS-RS, LD1-RS, LXP-RS, CXP-RS, LC1-RS, LO1-RS, CRS-RS and Iris model lenses and the Dialight OP-005, OPGD-1-002, OPK2-1-003, OPK2-3-006 and OPTX-1-006 model lenses. The Digi-Key International is thus liable for infringement of the '911 Patent pursuant to 35 U.S.C. § 271.

24.     On information and belief, the Fraen Defendants have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by actions comprising making, using, selling, offering for sale, and importing into the United States lenses for use with various manufacturers' LEDs, including, without limitation, the FBL Series Lens, FC Series Lenses, FC3 Series Tri-Lens for Cree XLamp 7090 XR and XR-E LEDs, FCG Lens Series for Cree XLamp 7090 XR and XR-E LEDs, FCT3 Series Tri-Lens for Cree XLamp 7090 XR and XR-E LEDs, FDG Series Lenses for Osram Golden Dragon LEDs, FHS Asymmetric Series Lenses, FHS Series Lenses, FHS Series Lenses for Luxeon I, III and V STAR and Emitter, FHS Series Lenses for Luxeon K2 LED, FLP Flat-top Series Lenses for Luxeon K2 LEDs, FNP Lens Series for Nichia NS6x083T LEDs, FS3 Series Lenses for Seoul Semiconductor Z-Power P3 LEDs, FSG Lens Series for Seoul Semiconductor Z- Power P4 LEDs, FSG Series Lenses for Seoul Semiconductor Z- Power P3 LEDs, FSP Series Lenses for Seoul Semiconductor Z- Power P4 LEDs, and FT3 Series Tri-Lenses model optics. The Fraen Defendants are thus liable for infringement of the '911 Patent pursuant to 35 U.S.C. § 271.

25.     On information and belief, Defendant Future Corp. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising using, selling, offering for sale, and importing into the United States secondary optics designed for use with various manufacturers' LEDs, including, without limitation, the Philips Lumileds LXHL-NX05 model optics; the Dialight OP-005, OPC1-1-SPOT, and OPK2-3-006 model optics; the Fraen FBL Series Lens, FC Series Lenses, FC3 Series Tri-Lens for Cree XLamp 7090 XR and XR-E LEDs, FCG Lens Series for Cree XLamp 7090 XR and XR-E LEDs, FCT3 Series Tri-Lens for Cree XLamp 7090 XR and XR-E LEDs, FDG Series Lenses for Osram Golden Dragon LEDs, FHS Asymmetric Series Lenses, FHS Series Lenses, FHS Series Lenses for Luxeon I, III and V STAR and Emitter, FHS Series Lenses

for Luxeon K2 LED, FLP Flat-top Series Lenses for Luxeon K2 LEDs, FNP Lens Series for Nichia NS6x083T LEDs, FS3 Series Lenses for Seoul Semiconductor Z-Power P3 LEDs, FSG Lens Series for Seoul Semiconductor Z- Power P4 LEDs, FSG Series Lenses for Seoul Semiconductor Z- Power P3 LEDs, FSP Series Lenses for Seoul Semiconductor Z- Power P4 LEDs, and FT3 Series Tri-Lenses model optics;  the Polymer Optics' collimator part nos. 120, 122, 129 and 170   model optics; and the Khatod Optoelectronics model KEPL119606, KEPL1196/01,  KEPL1196/02,  KEPL115406,  PL119806,  PL26606,  PL25606,  KEPL19706, KEPL19706_k2,  KEPL118306,  PL26806 and/or    PL02706  single  lens  devices;  model PL35006RV, PL35006NK, PL35006TL, PL114306 and/or PL60006 triple lens devices; and/or model PL50006 quad lens device.   Defendant Future Corp. is thus liable for infringement of the '911 Patent pursuant to 35 U.S.C. § 271.

26.     On information and belief, Defendant LED Lighting has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising using, selling, offering for sale and importing into the United States secondary optics for use with various manufacturers' LEDs, including, without limitation, the Ledil Oy CRS-RS model lens; the Khatod model KEPL116906, PLN19306, PL59706, PLN506306, KEPL1196, KESQ19706, KEPL115406, PL119806, PL26606, PL25606, KEPL19706, PL26806, KEPL2206, PL02706, PL30606, KEPL30306, PL19906, PL27106, PL27006, PL267A06, PL257A06, KEPL19806, PL19806, PL26906, PL02806, PL30706, PL123206, PL123106, PLVG125606, PLVG126606, PL123006, PLVG126806, PL123506, PL06706, PL05706, PL06806 and/or PL09706 single lens devices; the Khatod model PL60006NCH1, PL35006RV, PL35006NK, PL35006T, PL114306, PL60006, PL60406,

PL3506RV,   PL35306NK,   PL114306,   PL35106NK,   PL60106,   PL123706   and/or

PLVG135006NK triple lens devices; Khatod model PL50006NCH1, PL50006, PL50106 and/or

PL123806 quad lens devices; Polymer Optics Limited part nos.120 and/or 170 model optics;

and/or Dialight OP-005, OPTX-1-006, OPGD-1-002, OPK2-3-006, and OPGD-3-006 model

lens.  Defendant LED Lighting is thus liable for infringement of the '911 Patent pursuant to 35

U.S.C. § 271.

27.    On information and belief, Defendant LED Supply has been and now is directly

infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by actions comprising using, selling, offering for sale, and importing into the

United States secondary optics designed for use with various manufacturers' LEDs, including,

without limitation, the Dialight OP-005, OPTX-1-006 and OPK2-1-003, and the Philips

Lumileds LUXEON LXHL-NX05. Defendant LED Supply is thus liable for infringement of the

'911 Patent pursuant to 35 U.S.C. § 271.

28.    On information and belief, Defendant Marubeni has been and now is directly

infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by actions comprising using, selling, offering for sale, and importing into the

United States lenses designed for use with various manufacturers' LEDs, including, without

limitation, the Ledil Oy LC-1-RS, LD-1-RS, LE-1-RS, LO-1-RS, LR-1-RS, LZ-1-RS,  CRS-RS,

NIS083-RS, OSS-RS, K2S-RS, CXP-RS, RES-RS, LN2-RS and LXP-RS model lenses.

Defendant Marubeni is thus liable for infringement of the '911 Patent pursuant to 35 U.S.C.

§ 271.

29.     On information and belief, Defendant Sylvania has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling, offering for sale and importing into the United States LED-based lighting products, including, without limitation, the LED/Optic/Spot/Lens-2 supplementary optical lens. Defendant Sylvania is thus liable for infringement of the '911 Patent pursuant to 35 U.S.C. § 271.

30.     On information and belief, Defendant Philips Lumileds has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling, and offering for sale collimators for use with its LUXEON LEDs, including, without limitation, the LXHL-NX05 model collimator. Defendant Philips Lumileds is thus liable for infringement of the '911 Patent pursuant to 35 U.S.C. § 271.

31.     On information and belief, Defendant Philips Color Kinetics has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling, offering for sale, and importing into the United States LED-based lighting products including, without limitation, the Color Kinetics DLE R-101 digital light engines, the Color Kinetics DLE C-101 digital light engines, Color Kinetics C-Splash 2 lighting devices with clear lens, and ColorBlast Powercore light fixtures for extended light projection.  Defendant Philips Color Kinetics is thus liable for infringement of the '911 Patent pursuant to 35 U.S.C. § 271.

32.    On information and belief, Defendant Audi has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '911 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making, using, selling, offering for sale and importing into the United States lenses for LEDs used in the daytime driving lamps of A4 and A8 model automobiles. Defendant Audi is thus liable for infringement of the '911 Patent pursuant to 35 U.S.C. § 271.

33.    Upon information and belief, Defendants have at all relevant times, been aware of the '911 Patent, and their infringement has been willful and objectively reckless, justifying the award of treble damages under 35 U.S.C. § 284, and making this an exceptional case which entitles LTT to an award of attorneys fees under 35 U.S.C. § 285.

34.    As a result of their infringing conduct, Defendants have damaged LTT.  The Defendants are liable to LTT in an amount that adequately compensates LTT for their infringement, which by law can be no less than a reasonable royalty.

35.    As a consequence of Defendants' infringement, LTT has been irreparably damaged and such damage will continue without the issuance of an injunction from this Court.

36.     On information and belief, any marking requirements of 35 U.S.C. § 287 have been satisfied.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, LTT respectfully requests that this Court enter:

1.    A judgment in favor of LTT that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '911 Patent;

2.      A judgment finding that such infringement by Defendants was willful, including because at all relevant times Defendants have been aware of the '911 Patent, and their infringement has been willful and objectively reckless;

3.      A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '911 Patent;

4.      A judgment and order requiring the Defendants to pay LTT its damages, costs, expenses, and prejudgment and post-judgment interest for their respective infringement of the '911 Patent as provided under 35 U.S.C. § 284;

5.      An award to LTT for enhanced damages as provided under 35 U.S.C. § 284;

6.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to LTT its reasonable attorneys' fees; and

7.      Any and all other relief to which LTT may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


November 11, 2009                    Respectfully submitted,

                                     LIGHT TRANSFORMATION TECHNOLOGIES LLC

                                     By: /s/ Henry Pogorzelski
                                     Henry M. Pogorzelski
                                     Texas Bar No. 24007852 – LEAD COUNSEL
                                     Michael J. Collins
                                     Texas Bar No. 04614510
                                     John J. Edmonds

Texas State Bar No. 00789758
COLLINS, EDMONDS & POGORZELSKI, PLLC
709 Sabine Street
Houston, Texas 77007
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
hpogorzelski@cepiplaw.com
mcollins@cepiplaw.com
jedmonds@cepiplaw.com

William E. Davis, III
Texas Bar No. 24047416
THE DAVIS FIRM P.C.
111 W. Tyler St.
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
bdavis@bdavisfirm.com

ATTORNEYS FOR PLAINTIFF
LIGHT TRANSFORMATION TECHNOLOGIES LLC