**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| LIGHT TRANSFORMATION TECHNOLOGIES LLC | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) )  C.A. No. 2:09-CV-354 |
| ANDERSON CUSTOM ELECTRONICS, INC, et al. | ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANT FRAEN SRL HOLDING CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Pursuant to Fed. R. Civ. P. Rule 12(b)(2) and Fed. R. Civ. P. Rule 12(b)(6), defendant Fraen SRL Holding Corporation ("Fraen Holding") moves the Court to dismiss the claims asserted against it for the following reasons:

1. Fraen Holding does not manufacture or sell products. Fraen Holding is a holding company whose only business is to hold the stock of other entities.

2. Fraen Holding has never transacted business in or otherwise availed itself of the benefits of the laws of the State of Texas.

3. Fraen Holding has no other contacts with the State of Texas.

**Introduction**

Plaintiff Light Transformation Technologies, LLC ("LTT") pled that the defendants infringe its alleged rights under U.S. Patent No. 6,543,911 (the "'911 Patent") entitled "Highly Efficient Luminare Having Optical Transformer Providing Precalculated Angular Intensity Distribution and Method Therefore." In its Amended Complaint, LTT conflated defendant Fraen

SRL Holding Corporation ("Fraen Holding") with a separate defendant, Fraen Corporation ("Fraen Corp."). Amended Complaint, ¶ 9. In a single, conclusory sentence, LTT alleges that "the Fraen Defendants" infringe the '911 Patent by "using, selling, offering for sale, and importing into the United States lenses for use with various manufacturers' LEDs." Am. Compl. ¶ 29.

Fraen Holding has never transacted business in or otherwise subjected itself to personal jurisdiction in the State of Texas. Declaration of Peter W. Fuller ("Fuller Decl."), filed herewith, ¶¶ 5-9. Fraen Holding is, as its name suggests, a holding company; it does not use, sell, offer for sale, or import *anything* into the United States. Fuller Decl., ¶ 6. Fraen Holding lacks sufficient minimum contacts with Texas to be subject to jurisdiction in Texas. Accordingly, the Court is asked to dismiss LTT's Amended Complaint as to Fraen Holding.

## Argument and Authorities

I. **FRAEN HOLDING IS NOT SUBJECT TO PERSONAL JURISDICTION IN THIS DISTRICT.**

Pursuant to Fed. R. Civ. P. 12(b)(2), courts should dismiss cases against defendants over whom they lacks personal jurisdiction. Federal Circuit case law governs the analysis of personal jurisdiction in cases alleging patent infringement. *See Deprynl Animal Health, Inc. v. Univ. of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002). Once a defendant challenges the court's jurisdiction, the burden is on the party asserting jurisdiction to show that the defendant has sufficient contacts with the forum state to support the exercise of jurisdiction over the defendant. *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001). Where the issue of personal jurisdiction is made on affidavits and other written materials, the plaintiff can meet that burden by making a *prima facie* showing that the defendant is subject to personal jurisdiction in the forum. *See Electronics for Imaging, Inc., v. Coyle*, 340 F.3d 1344, 1349 (Fed.

Cir. 2003), *cert. denied*, 540 U.S. 1111 (2004). The court accepts as true the non-movant's allegations and resolves factual disputes in its favor, but the court need not accept conclusory allegations, even if uncontradicted. *See Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

To resolve whether it may assert personal jurisdiction over a non-resident, the court must first determine whether the defendant is amenable to service of process under the forum state's long-arm statute; if it is, the court goes on to determine whether the exercise of jurisdiction over the non-resident defendant comports with due process. *See Hildebrand v. Steck Manufacturing Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998). Here, the inquiries collapse to one because Texas courts have found that the long-arm statute in the state of Texas extends to the limits allowed by due process. *See American Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex.2002), *cert. denied*. 537 U.S. 1191 (2003). The pertinent inquiry is therefore whether the exercise of personal jurisdiction over the non-resident defendants violates the Constitution's due process requirements. *See HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304 (Fed. Cir. 1999); *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996). Due process requires that the defendant have sufficient minimum contacts with the forum state that maintaining a suit in that forum does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In this case, Fraen Holding has *no* contacts with Texas and it would accordingly be an affront to justice to subject it to suit in Texas.

    A.    **Fraen Holding Does Not Have "Minimum Contacts" With This Forum.**

The "minimum contacts" prong is satisfied when a defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and

protection of its laws." *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). These minimum contacts may be subdivided into contacts that give rise to general jurisdiction or those that give rise to specific jurisdiction. *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414 (1984). The essential goal of the minimum contacts requirement is to protect the defendant. *World-Wide Volkswagen Corp.* v. Woodson, 444 U.S. 286, 292 (1980).

### 1. The Court Lacks General Jurisdiction Over Fraen Holding.

General jurisdiction may be found where the non-resident defendant has other "continuous and systematic" contacts with the forum unrelated to the pending litigation. *Helicopteros*, 466 U.S. at 415-416; *Electronics for Imaging*, 340 F.3d at 1349. These unrelated contacts, however, must be so substantial and of such a nature as to justify suit against the defendant on causes of action arising from dealings entirely different from those activities. *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed. Appx. 322, 336 (Fed. Cir. 2003). There is no test for "continuous and systematic" contacts; rather, a court must look at the facts of each case to make such a determination. *LSI Industries, Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

Here, the Amended Complaint recites in a single sentence, "on information and belief," the conclusion that the defendants "are subject to the Court's specific and general personal jurisdiction." Am. Compl., ¶ 19. LTT does not allege any *facts* that support the legal conclusion that Fraen Holding is subject to personal jurisdiction in Texas and there are none. LTT does not and cannot allege that Fraen Holding maintains "continuous and systematic" contacts with Texas. Indeed, there are *no* jurisdictional allegations specific to Fraen Holding. In these circumstances, LTT cannot meet its burden of proving that this Court has personal jurisdiction over Fraen Holding.

LTT alleges that Fraen Holding is a Delaware Corporation and resides in Wilmington, Delaware. Am. Compl., ¶ 9. Fraen Holding does not have and never has had a place of business or an office in Texas. Fuller Decl., ¶ 5. Fraen Holding has never been registered or licensed to conduct business in Texas, never had any personnel living or working in Texas, never owned real or personal property in Texas, never designated an agent for service of process in Texas, and never maintained a bank account in Texas. *Id*. Fraen Holding simply has no connection with Texas. *Id*., ¶ 9.

Moreover, Fraen Holding does not manufacture, sell, offer for sale, or import any products. Fuller Decl., ¶ 6. Rather, Fraen Holding's business is that of a holding company, whose *only* purpose is to hold stock of other entities. *Id.*, ¶ 7. In the face of a complete absence of contacts with Texas, this Court lacks general jurisdiction over Fraen Holding. *Cf. Helicopteros*, 466 U.S. at 417 (general jurisdiction improper even where defendant's contacts with Texas included negotiating a contract in Texas, accepting checks drawn on a Texas bank, purchasing close to eighty percent of it helicopter fleet and other part and accessories in Texas, and sending pilots to Texas for training). LTT did not and cannot allege that Fraen Holding has any specific contact with Texas, much less the continuous and systematic contacts required for finding general jurisdiction.

### 2.     The Court Lacks Specific Jurisdiction Over Fraen Holding.

The Supreme Court has held that specific jurisdiction exists only where contacts between the non-resident and the forum arise from, or directly relate to, the cause of action. *Burger King*, 471 U.S. at 472-73; *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.,* 444 F.3d 1356, 1361 (Fed. Cir. 2006). A court may exercise specific jurisdiction over a non-resident defendant when that defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v.*

5

*Denckla*, 357 U.S. 235, 253 (1958).  Purposeful availment requires that the non-resident's conduct reflect such a deliberate and substantial connection with the forum state that it should reasonably anticipate being haled into court there.  *World-Wide Volkswagen*, 444 U.S. at 297.  Since Fraen Holding has *no* contacts with Texas, there are no contacts to relate to LTT's cause of action and Fraen Holding could not reasonably anticipate being haled into court in Texas.

When determining whether a court has specific jurisdiction over a defendant, the Federal Circuit considers whether 1) the defendant has "purposefully directed" its activities at residents of the forum; 2) the claim "arises out of or relates to" the defendant's activities in the forum; and 3) the exercise of jurisdiction would be "reasonable and fair."  *Breckenridge Pharmaceutical*, 444 F.3d at 1363; *Deprenyl Animal Health,* 297 F.3d at 1347.  A non-resident cannot purposefully avail itself of a state's laws solely through "the unilateral activity of another party or third person."  *Burger King*, 471 U.S. at 475.  Instead, the Supreme Court has held that jurisdiction is only proper where "the contacts result from actions by the defendant himself that create a 'substantial connection' to the forum state." *Id.*.

Here, Fraen Holding does not manufacture, sell, offer for sale, or import any products in the United States or elsewhere. Fuller Decl., ¶ 6.  Accordingly, Fraen Holding cannot have made, used, sold, offered for sale, or imported any products into Texas.  For the same reason, there can be no nexus between any action of Fraen Holding and LTT's patent infringement claim.

Courts routinely grant motions to dismiss in patent infringement cases involving entities that do not manufacture or sell anything.  *See*, e.g., *Acceleron, LLC v. Egenera, Inc.*, 634 F.Supp.2d 758 (E.D.Tex. 2009) (dismissing holding company who "has never made, used, imported, sold or offered to sell any of the accused products in Texas"); *Primesource Building Products, Inc. v. Phillips Screw Company*, 2008 WL 779906 (N.D. Tex. March 25, 2008)

(dismissing defendant whose sole business was designing and licensing patented technology for licensees to use in the manufacture of licensees' own products).[1]  In short, Fraen Holding has never availed itself of the benefits of the laws of Texas; this Court accordingly lacks both general and specific personal jurisdiction over Fraen Holding.

> **B.     Asserting Personal Jurisdiction Over Fraen Holding Would Offend "Traditional Notions of Fair Play and Substantial Justice"**

Because the Court lacks both general and specific personal jurisdiction over Fraen Holding, there is no need to proceed to the second prong, whether asserting personal jurisdiction over Fraen Holding would offend "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 114 (1987).  Were there any basis for doing so, however, that analysis would reveal that the Court lacks personal jurisdiction over Fraen Holding.  *See Asahi Metal*, 480 U.S. at 113 (listing factors that courts consider in evaluating notion of fair play and substantial justice).

It is apparent that it would offend traditional notions of fair play and substantial justice to assert personal jurisdiction over a defendant that has no contacts with the forum.  *International Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940).  Fraen Holding has no connection with Texas.  Fuller Decl., ¶ 9.  If LTT believes that it has a Rule 11 basis for suing Fraen Holding, it must do so in a forum in which Fraen Holding is subject to personal jurisdiction.  It does not comport with traditional notions of fair play and substantial justice to

---

[1] The fact that Fraen Holding does not produce any products to place in the stream of commerce likewise nixes any theory of personal jurisdiction premised on a stream of commerce theory.  *See World-Wide Volkswagen,* 44 U.S. at 297-98 (jurisdiction proper "over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state.").  In *Primesource Building Products*, the court stated that the fatal flaw in the plaintiff's stream of commerce theory is that "[t]he fact remains that [defendant] does not manufacture or sell any products. . . Since a covenant not to sue is not a product sold in the stream of commerce, personal jurisdiction cannot be predicated on that theory." 2008 WL 779906 at *3.  *See also Motorola, Inc. v. PC-Tel, Inc.,* 58 F.Supp.2d 349, 354 n.7 (D.Del. 1999) (noting that the "determinative factor" in *Red Wing Shoe* was the fact that the defendant had placed nothing into the stream of commerce) (citing *Red Wing Shoe,* 148 F.3d 1355).

compel a defendant to appear in a jurisdiction with which it has no contacts. For this reason, too, the Court should dismiss LTT's Amended Complaint against Fraen Holding.

II. **THE COURT SHOULD DISMISS ALL CLAIMS AGAINST FRAEN HOLDING PURSUANT TO FED. R. CIV. P. 12(B)(6).**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted under Fed R. Civ. P. 12(b)(6), a court accepts the well-pleaded facts contained in the complaint. *Sonnier v. State Farm Mutual Automobile Insurance Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, a plaintiff's obligation to state the grounds for relief requires more than mere labels and conclusions, and courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). If a plaintiff relies upon legal conclusions, such conclusions must be supported by factual allegations sufficient to raise a non-speculative right to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atlantic*, 550 U.S. at 555-57. In order to "survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008) (citation omitted).

In its Amended Complaint, LTT conflated defendant Fraen Holding with defendant, Fraen Corp. Am. Compl., ¶ 9. LTT's allegations of jurisdiction over Fraen Holding consists of a single, conclusory sentence that "the Fraen Defendants" infringe the '911 Patent by "using, selling, offering for sale, and importing into the United States lenses for use with various manufacturers' LEDs." Am. Compl., ¶ 29. LTT fails to provide any factual support for the legal conclusion that Fraen Holding made, used, offers to sell, or sold infringing products under 35 U.S.C. 271. Any such allegations are entirely speculative as to Fraen Holding. LTT does not and cannot cite any facts to support its legal conclusion because there are none. As to Fraen Holding, LTT has not "nudged [its] claim across the line from conceivable to plausible, and [its]

complaint must be dismissed." *Bell Atlantic*, 550 U.S. at 570.  Nor could LTT do so within the strictures of Rule 11.  As set forth in the Declaration of Peter Fuller, filed herewith, Fraen Holding does not transact any business other than holding stock.  *Id*. at ¶ 7.  Fraen Holding has no offices or other contacts with Texas. *Id*. at ¶ 5, 9.  Because Fraen Holding merely holds stock and does not use, sell, offer for sale, or import any allegedly infringing products, it cannot infringe the patent-in-suit.  *See Blankenship v. Barnett Bank*, 2000 WL 369672 (Fed. Cir. April 10, 2000) (dismissing case because no infringement where bank did not produce, sell, or promote allegedly infringing product).

## CONCLUSION

For the foregoing reasons, the Court should dismiss LTT's Amended Complaint in its entirety as to Fraen Holding.

Dated: January 11, 2010                                    Respectfully Submitted,

FRAEN SRL HOLDING CORPORATION,
By its attorneys,

/s/ Deborah Race_____
Otis Carroll
Deborah Race
Ireland, Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
Tyler, TX  75703
Tel: 903-561-1600

OF COUNSEL
Joseph Shea
Michael Carpentier
NUTTER MCCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

## CERTIFICATE OF SERVICE

      I certify that on January 11, 2010 this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                       /s/ Deborah Race
                                       Deborah Race

1883815.7