**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| LIGHT TRANSFORMATION TECHNOLOGIES LLC, | Case No. 2:09-cv-00354-JRG-RSP |
| *Plaintiff*, | |
| v. | **JURY TRIAL DEMANDED** |
| ANDERSON CUSTOM ELECTRONICS, INC., *et al.*, | |
| *Defendants*. | |

**VOLKSWAGEN GROUP OF AMERICA, INC.'S**
**MOTION TO STAY PENDING REEXAMINATION**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

FACTS ............................................................................................................................................ 1

      A.      The LTT Litigations................................................................................................. 1

      B.      The *Inter Partes* Reexamination of the '911 Patent ............................................... 2

ARGUMENT .................................................................................................................................. 3

      A.      A Stay Will Simplify the Issues Before this Court ................................................. 3

      B.      Unless this Case is Stayed, the Parties and the Court
              Will Waste Their Resources on Redundant and Unnecessary Proceedings ........... 5

      C.      A Stay Is Appropriate at This Stage of the Case ..................................................... 8

CONCLUSION............................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page**

*Astec Am., Inc. v. Power-One, Inc.*,
    No. 6:07-cv-000464, 2008 U.S. Dist. LEXIS 55100 (E.D. Tex. July 15, 2008) ................7

*Beneficial Innovations, Inc. v. Blockdot, Inc.*,
    Nos. 2:07-cv-000263, 2:07-CV-000555,
    2010 U.S. Dist. LEXIS 54151 (E.D. Tex. June 3, 2010) ......................................................6

*EchoStar Techs. Corp. v. TiVo, Inc.*,
    No. 5:05-cv-0081, 2006 U.S. Dist. LEXIS 48431 (E.D. Tex. Jul. 14, 2006) .....3, 4, 5, 8, 9

*Krippelz v. Ford Motor Co.*,
    667 F.3d 1261 (Fed. Cir. 2012) .....................................................................................6

*Marine Polymer Techs. v. Hemcon, Inc.*,
    659 F.3d 1084 (Fed. Cir. 2011)...................................................................................4, 6

*Microlinc LLC v. Intel Corp.*,
    No. 2:07-cv-000488, 2010 U.S. Dist. LEXIS 99225 (E.D. Tex. 2010)....................4, 8, 9

*P&G v. Kraft Foods Global, Inc.*,
    549 F.3d 842 (Fed. Cir. 2008) .......................................................................................6

*Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*,
    No. 2:09-cv-000200, 2011 U.S. Dist. LEXIS 78312 (E.D. Tex. 2011).............................8

*Spa Syspatronic AG v. Verifone, Inc.*,
    No. 2:07-cv-000416, 2008 U.S. Dist. LEXIS 34223 (E.D. Tex. 2008).........................4, 8

*St. Clair Intellectual Prop. Consultants, Inc. v. Canon Inc.*,
    412 Fed. Appx. 270 (Fed. Cir. 2011)................................................................................6

*Southwall Technologies v. Cardinal IG Co.*,
    54 F.3d 1570 (Fed. Cir. 1995).........................................................................................6

*Southwire Co v. Cerro Wire, Inc.*,
    750 F. Supp. 2d 775 (E.D. Tex. 2010) ........................................................................3, 8

*Univ. of Va. Patent Found. v. General Electric Co.*,
    755 F. Supp. 2d 709 (W.D. Va. 2010) .............................................................................4

**INTRODUCTION**

In this litigation, plaintiff ("LTT") asserts that defendant ("VWGoA") infringes claim 6 of U.S. Patent No. 6,543,911 (the "'911" patent). The parties have filed their claim construction briefs, and a *Markman* hearing has been scheduled for April 19, 2012.

Concurrent with this litigation, the '911 patent has been undergoing *inter partes* reexamination before the United States Patent and Trademark Office (the "PTO"). The only claim LTT has asserted in this litigation, claim 6 of the '911 patent, has recently been ruled unpatentable by the PTO Board of Patent Appeals and Interferences (the "Board").

Since the '911 patent reexamination proceedings have reached the appellate level, and the sole asserted claim in this lawsuit has been ruled unpatentable, VWGoA respectfully moves to stay all proceedings in this litigation until the completion of the PTO reexamination proceedings and any related appeals to the Court of Appeals for the Federal Circuit.[1]

**FACTS**

**A.    The LTT Litigations**

On November 11, 2009, LTT filed two lawsuits in this district alleging infringement of the '911 patent. *See* D.E. 39; Ex. 1 (LTT's complaint in case no. 2:09-cv-00357, the "'357 case"). The last of VWGoA's co-defendants in the present litigation were dismissed from the case on July 19, 2011. D.E. 282–83. On June 15, 2011, the court stayed the parallel '357 case in view of the remaining parties' representations that they "have entered into a confidential settlement agreement that will resolve the claims and counterclaims between them . . . ." *See*

---

[1] During a conference between counsel for VWGoA and LTT concerning this motion, LTT agreed that a stay of the pretrial proceedings in this case is appropriate in view of the PTO Board of Appeals' decision in the reexamination proceedings. LTT advised VWGoA, however, that it will not consent to a stay beyond the next action taken by the Board, if any.

Exs. 2–3. LTT's only remaining claim in its lawsuits is the allegation that VWGoA infringes claim 6 of the '911 patent. That claim describes a "light transformer for highly efficient directing and redistributing light from a light source in a predetermined pattern with low divergence or substantially parallel with an axis of light direction . . . ." D.E. 297, Appendix; *see also* D.E. 297-4. The PTO has found the light transformer 600 illustrated in Figure 7 to be exemplary of the subject matter of asserted claim 6. *See* D.E. 297-3 at VWGOA0007357.



FIG. 7

In August of 2011, LTT and VWGoA filed their claim construction briefs in anticipation of a *Markman* hearing scheduled before Magistrate Judge Everingham on September 13, 2011. *See* D.E. 275, 292, 297–98, 301. That hearing was canceled due to Judge Everingham's impending retirement. D.E. 304. The case was then reassigned to Judge Gilstrap in December 2011, the *Markman* hearing was rescheduled for April 19, 2012, and trial is set to commence in September, 2012. *See* Docket Text Entries dated Dec. 20, 2011, Jan. 21, 2012, and Jan. 25, 2012.

      **B.**      **The *Inter Partes* Reexamination of the '911 Patent**

VWGoA filed a request for *inter partes* reexamination of claim 6 of the '911 patent on July 27, 2010, which the PTO granted. D.E. 297-3 at VWGOA0007062 *et seq.*,

VWGOA0007352 *et seq.* In the reexamination proceeding, LTT and VWGoA have disputed whether or not certain prior art (granted to Mueller, Nichols et al., and Brown) anticipates claim 6 of the '911 patent. D.E. 297 at 6 (discussing D.E. 297-1 at LTT0000016, col. 10, ll. 21–23, 30–32). Ultimately, the PTO Board reversed the patent examiner's ruling that claim 6 was not anticipated (*e.g.*, D.E. 297-3 at VWGOA0007434, VWGOA0007439–40). *See* Ex. 4 (Board decision on appeal) at 2, 14–19. The result of this ruling is that the only claim of LTT's patent asserted in this litigation has been ruled invalid by the Patent Office.

## ARGUMENT

In determining whether to grant a stay pending reexamination of the patent-in-suit, this court considers (1) whether a stay will simplify the issues in question and trial of the case, (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, and (3) whether discovery is complete and a trial date has been set. *Southwire Co. v. Cerro Wire, Inc.*, 750 F. Supp. 2d 775, 778 (E.D. Tex. 2010). The final analysis turns on "whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-cv-000081-DF-CMC, 2006 U.S. Dist. LEXIS 48431, at *4 (E.D. Tex. July 14, 2006) (Craven, M.J.).

In this case, all three factors weigh in favor of granting a stay until the '911 patent reexamination proceedings, including any appeals to the Federal Circuit by either LTT or VWGoA, are completed.

### A. A Stay Will Simplify the Issues Before this Court

A stay will simplify the issues in this case. First, as described above, during the reexamination proceedings, the PTO Board ruled that claim 6 of the '911 patent is invalid. This decision, if upheld, completely disposes of LTT's claims against VWGoA in this lawsuit. A stay

3

of the pretrial proceedings and trial of this lawsuit will thus "maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *EchoStar*, 2006 U.S. Dist. LEXIS 48431, at *10; *Microlinc LLC v. Intel Corp.*, No. 2:07-cv-000488-TJW, 2010 U.S. Dist. LEXIS 99225, at *12–13 (E.D. Tex. Sept. 20, 2010) (Ward, J.) ("[I]f all of the claims in the '488 patent remain rejected as they currently stand with the PTO, then this case would be greatly simplified because it would result in effective invalidity of the patent and the suit will likely be dismissed.").

Similarly, if LTT revises claim 6 in order to secure its allowance by the PTO, or convinces the Board that the narrow claim construction it now argues distinguishes the claim from the prior art and is supported by the '911 patent specification, the liability issues in this lawsuit will be simplified. *Id.* And, because the reexamination proceeding is *inter partes* (as opposed to *ex parte*), a decision favorable to LTT by the Board and the Federal Circuit may further simplify the liability issues in this case. In addition, LTT's reexamination claim construction, or revisions to claim 6, may create intervening rights that would simplify the issues by eliminating VWGoA's liability for infringement prior to the issuance of a reexamination certificate. *See Marine Polymer Techs. v. Hemcon, Inc.*, 659 F.3d 1084, 1091–92 (Fed. Cir. 2011) ("[I]f the scope of the claims actually and substantively changed because of Marine Polymer's arguments to the PTO, the claims have been amended by disavowal or estoppel, and intervening rights apply."), *vacated and petition for reh'g en banc granted by*, 2012 U.S. App. LEXIS 1155 (Fed. Cir. Jan. 20, 2012); *Univ. of Va. Patent Found. v. General Electric Co.*, 755 F. Supp. 2d 709, 736–37 (W.D. Va. 2010).

### B. Unless this Case is Stayed, the Parties and the Court Will Waste Their Resources on Redundant and Unnecessary Proceedings

The second factor, which considers the prejudice that would result from a stay, also favors granting VWGoA's motion. A stay of this case will avoid the duplication of effort by the court and the parties because construction of the claim terms by this court must consider LTT's actions and arguments during the '911 patent reexamination proceedings, and the PTO rulings relating to those actions and arguments.

First, this court will not be able to definitively construe the claims while the reexamination is pending, because the intrinsic record of the patent-in-suit will continue to change with each action or statement made by LTT and the PTO. *See, e.g.,* D.E. 275, 292, 297–98, 301; *see also* D.E. 298-2 at VWGOA0008016. As one example, the PTO Board has rejected LTT's proposed construction of claim 6 and agreed with VWGoA's proposed construction in its recent ruling:

> We observe that LTT belatedly urges in its Respondent's Brief that the term "redisributes" [sic] in addition to the meaning that it initially advanced of "changing the angular intensity distribution" of light also requires that "the relative order or sequence" of the reflected light rays must also be changed. (LTT's Resp. Br. 5:12-14.) VGA disputes that the additional meaning falls within the broadest reasopnable [sic] interpretation of the term "redistributes." (VGA's Reb. Br. 8-9.)
>
> Notably absent from the record is underlying evidentiary support for that additional meaning of "redistributes" now advanced by LTT. Neither the specification of the '911 Patent nor the testimony of Dr. Pepper reasonably supports a meaning of the term "redistributes" as also requiring a change in "the relative order or sequence" of reflected lights rays.

Ex. 4 at 10.

It is undisputed that the reexamination proceedings are relevant to this court's construction of the claims of the '911 patent. *See, e.g., EchoStar*, 2006 U.S. Dist. LEXIS 48431,

5

at *11; *St. Clair Intellectual Prop. Consultants, Inc. v. Canon Inc.*, 412 Fed. Appx. 270, 275–76 (Fed. Cir. 2011).[2] Because the Board's decision was issued four months after the parties filed their last claim construction brief, supplemental claim construction briefing will be required to address the new intrinsic PTO record. In addition, this supplemental briefing will later need to be supplemented again because LTT has asked the PTO to reopen prosecution to permit LTT to submit new evidence and arguments for consideration.[3] Ex. 5, at 2–3. If the PTO grants LTT's request, LTT's "new evidence" and arguments to the PTO will further affect the construction and scope of the asserted claim. *See Marine Polymer,* 659 F.3d at 1091–92 ("[A]rguments made to the PTO on reexamination can create an estoppel or disavowal and thereby change the scope of claims even when the language of the claims did not change."); *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012).

Unless the court stays the pretrial proceedings and trial in this case, both the court's and the parties' resources will be wasted. The parties will have to prepare and submit supplemental briefing in view of the supplemental intrinsic record, and the court will have to re-consider its claim construction rulings after the reexamination is concluded. *See P&G v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008); *Beneficial Innovations, Inc. v. Blockdot, Inc.*,

---

[2] *See also Southwall Technologies v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995) ("Claims may not be construed one way in order to obtain their allowance and in a different way against accused infringers.").

[3] VWGoA is permitted to file a response to LTT's request to reopen prosecution, which must be filed by March 12, 2012. *See* 37 C.F.R. § 41.77(c). Thereafter, the Examiner is required to issue an initial determination as to whether LTT's new evidence overcomes the Board's decision that claim 6 is not patentable over Brown. *See* 37 C.F.R. § 41.77(d). In response to this determination by the Examiner, LTT and VWGoA are permitted to respond to the Examiner's determination, and thereafter, LTT and VWGoA are permitted to reply to each other's response. *See* 37 C.F.R. § 41.77(e). The proceeding is then returned to the Board to reconsider the question of whether Brown anticipates claim 6 and to issue a new decision. *See* 37 C.F.R. § 41.77(f).

6

Nos. 2:07-cv-000263-TJW-CE, 2:07-cv-000555-TJW-CE, 2010 U.S. Dist. LEXIS 54151, at *9–13 (E.D. Tex. June 3, 2010) (Ward, J.). The only way to avoid this inefficiency is to stay this litigation until the completion of the reexamination proceedings. *See Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-cv-000464-JDL, 2008 U.S. Dist. LEXIS 55100, at *10–12 n.6 (E.D. Tex. July 15, 2008) (Love, M.J.) ("In a reexamination, the PTO could amend claims, which makes proceeding through a claim construction during such a process risky, as later-altered claim language could render the parties' efforts fruitless and force them to start over.").

LTT agrees that the reexamination proceedings warrant a stay of the pretrial proceedings in this case, but only until the PTO Board determines whether to reconsider its previous decision finding claim 6 to be unpatentable over the prior art. However, it does not make sense to limit the stay in this manner. The same issues will be disputed in the proceedings leading to the Board's reconsideration and during any subsequent appeal to the Federal Circuit. Regardless of whether the PTO grants LTT's request or whether the current ruling of unpatentability of claim 6 is maintained by the Board, the Board's decision will be appealed to the Federal Circuit. If a decision is rendered by the Federal Circuit different from this court's claim construction opinion, the parties would be forced to re-litigate the liability issues if they were to proceed through discovery and trial. *See Astec*, 2008 U.S. Dist. LEXIS 55100, at *10–12 n.6.

Moreover, if this case is not stayed, VWGoA will be prejudiced by being forced to re-litigate issues that may be materially affected by the continuing reexamination proceedings. LTT will not be prejudiced because, as a patent holding company not manufacturing or selling any products or otherwise practicing the patent (*see* D.E. 289 at 1–2),[4] LTT will not suffer any

---

[4] LTT is an limited liability company that was formed expressly to file lawsuits in this district on behalf of its parent corporation, Acacia, which is a California-based patent licensing and enforcement company. *See* D.E. 289 at 1–2.

7

customer losses or injury to market share during a stay. *See Microlinc,* 2010 U.S. Dist. LEXIS 99255, at *10; *Spa Syspatronic AG v. Verifone, Inc.,* No. 2:07-cv-000416-JDL, 2008 U.S. Dist. LEXIS 34223, at *7 (E.D. Tex. Apr. 24, 2008) (Love, M.J.).

### C. A Stay Is Appropriate at This Stage of the Case

Fact discovery has not yet been completed, and expert discovery has not yet commenced in this lawsuit. These factors favor a stay at this stage of the litigation. *See Southwire*, 750 F. Supp. 2d at 780 ("[I]t is still early enough in this litigation to warrant a stay--the *Markman* hearing has not occurred, expert reports have not been exchanged, discovery is not completed, summary judgment motions have not been filed, and the Court has not begun its claim construction."); *EchoStar*, 2006 U.S. Dist. LEXIS 48431, at *10.

The court recently rescheduled the *Markman* hearing in this litigation to take place on April 19, 2012. *See* Docket Text Entries dated Jan. 21, 2012 and Jan. 25, 2012; *see also* D.E. 166 at 2. However, the parties' claim construction briefs were filed six months ago and, as discussed above, those briefs must be supplemented in view of the subsequent reexamination proceedings. In order to allow sufficient time for the court to consider this additional briefing, the claim construction hearing may have to be rescheduled again.

Finally, although the trial of this litigation is scheduled for September 2012, the currently scheduled *Markman* hearing affects the timing of the court's claim construction ruling, which impacts certain case deadlines such as expert discovery and case dispositive motions. In view of these changes (and the recent re-assignment of the case to Judge Gilstrap and Magistrate Judge Payne), the current schedule, including the trial date, may need to be re-set. *Cf. Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, No. 2:09-cv-000200-TJW, 2011 U.S. Dist. LEXIS 78312, at *6 (E.D. Tex. July 19, 2011) (Ward, J.) ("[D]ue to the approaching

8

retirement of both the undersigned and Magistrate Judge Everingham, there will no longer be a judge in the Marshall Division with familiarity of this case.").

## CONCLUSION

The reexamination proceedings have progressed to the advanced stage of the PTO Board's rejection of the only claim asserted in this case. By contrast, the case before this Court has not reached a *Markman* hearing, the expert discovery phase, or summary judgment briefing. There will thus not be prejudice but rather a resolution or simplification of the issues if this case is stayed until the conclusion of the reexamination proceedings and any appeal to the Federal Circuit. *EchoStar*, 2006 U.S. Dist. LEXIS 48431, at *10; *Microlinc,* 2010 U.S. Dist. LEXIS 99225, at *12–13.

Dated:   March 8, 2012                         Respectfully submitted:

 */s/ Deron R. Dacus*
Deron R. Dacus
Texas State Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX  75701
Tel.: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Michael J. Lennon (admitted *pro hac vice*)
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
Tel.: (212) 425-7200
Fax: (212) 425-5288

Susan A. Smith (admitted *pro hac vice*)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
Tel.: (202) 220-4200

        Fax.: (202) 220-4201

        Attorneys for Defendant
        VOLKSWAGEN GROUP OF AMERICA, INC.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), I certify that counsel for the defendant Volkswagen Group of America, Inc. (Michael J. Lennon and Susan Smith) conferred with plaintiff Light Transformation Technologies LLC's counsel (Henry Pogorzelski) on several occasions, including today by telephone, regarding the subject matter of this Motion. The discussion ended at an impasse, leaving open issues for the court to resolve.

        */s/ Deron R. Dacus*

## CERTIFICATE OF SERVICE

I hereby certify that this 8th day of March, 2012, a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

        */s/ Deron R. Dacus*